IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jefferson Alexander Arevalo Molina,<br><br>Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>Respondents. | No. CV-26-01443-PHX-SHD (DMF)<br><br>**ORDER** |

    Petitioner challenged his present immigration detention arguing that he received Special Immigrant Juvenile status and deferred action and, as a result, his detention is a violation of his due process rights under the Fifth Amendment and the Immigration and Nationality Act.  (Doc. 1.)  The Court directed Respondents to show cause why Petitioner's Petition should not be granted.  (Doc. 5.)  Respondents' response stated "Respondents do not oppose Petitioner's release from custody at this time."  (Doc. 9.)  The Court accepts this concession as non-opposition to granting Petitioner's habeas corpus petition as to Petitioner's request for release.

    Petitioner, however, sought additional mandamus relief in his Petition.  (Doc. 1 at 2.)  Specifically, he sought an order restraining Respondents from adjudicating Petitioner's I-589 application in immigration court prior to its adjudication by USCIS; declaratory relief that Petitioner is protected by the J.O.P. Settlement Agreement; and recission of Petitioner's NTA while Petitioner's deferred action status remains valid.  Respondents did not address these issues.  The Court will direct Petitioner's immediate

release but will also direct Respondents to respond to these issues.[1]

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for release. The remainder of the Petition remains pending.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FURTHER ORDERED** Respondents must provide a supplemental response addressing Petitioner's remaining requests for relief no later than **March 18, 2026**. Petitioner may file a reply no later than **March 23, 2026**.

Dated this 11th day of March, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

---

[1] This approach does create an administrative issue, as Petitioner has only paid the filing fee for a habeas action. But there is a simple solution—if Petitioner proceeds on his mandamus claims, he will be required to pay the filing and administrative fees for a civil action or file an Application to Proceed In Forma Pauperis. 28 U.S.C. § 1914(a), (b).